**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 3 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BILLY E. MARTIN,

      Plaintiff - Appellant,

v.

CITY OF PURCELL, a Municipal
Corporation,

      Defendant - Appellee.

No. 00-6218
(D. Ct. No. 99-CV-1755-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **GIBSON** ,† and **LUCERO** , Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

†Honorable John R. Gibson, Senior Circuit Judge, U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

Appellant Billy Martin appeals the grant of summary judgment to Appellee City of Purcell on Mr. Martin's age discrimination claim. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

Mr. Martin was employed by the City of Purcell ("the City") as a Director of Operations. His job was to act as a middleman between the City Manager and the various department heads of the City. In February, 1998, the City Council hired a new City Manager, Bob Annis. Mr. Annis believed that city administration was more efficient when he dealt directly with the city department heads and thus did not see the need for a Director of Operations.

On October 22, 1998, Mr. Annis formally reassigned Mr. Martin to the position of Code Enforcement Officer. Mr. Martin's reassignment included a reduction in pay. The Director of Operations was completely eliminated and remains so. On the day Mr. Martin was informed of his reassignment, he left work and never returned. He subsequently elected to retire, effective February 15, 1999.

Mr. Martin claimed to be the victim of age discrimination. He sued the City in federal district court alleging a violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. The City moved for summary judgment on the grounds that Mr. Martin had failed to establish a prima

facie case under the ADEA. The district court granted summary judgment and dismissed the case. This appeal followed.

## II.

We review the grant of summary judgment de novo applying the same standard applied by the district court below. McNight v. Kimberly Clark Corp ., 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is appropriate only when an examination of the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

## III.

It is an undisputed fact that Mr. Martin's position of Director of Operations was eliminated. Thus, under the ADEA, a reduction-in-force analysis is appropriate. In order to establish a prima facie case for age discrimination in a reduction-in-force context, the plaintiff must show: "(1) the claimant is within the protected age group; (2) he or she was doing satisfactory work; (3) the claimant was discharged despite the adequacy of his or her work; and (4) there is some evidence the employer intended to discriminate against the claimant in reaching its [reduction-in-force] decision." Stone v. Autoliv ASP, Inc. , 210 F.3d 1132, 1137 (10th Cir. 2000). The district court, after reviewing the evidence submitted by the parties, found that Mr. Martin had "wholly failed to produce evidence

establishing the fourth essential element of a prima facie case of age discrimination under any . . . formulation[] of a prima facie case or any evidence from which it could be inferred that [Mr. Martin's] age was a motivating factor in any action taken against him by [the City]." We agree with the district court.

The following facts in this case are undisputed. No one ever said anything to Mr. Martin about his age during the course of these events. The decision to eliminate the Director of Operations position was the result of Mr. Annis's good faith attempt to organize the administration of the City in the most efficient way he knew how. The position of Director of Operations was never refilled. Further, Mr. Martin has admitted: (1) that there is no evidence that any adverse action was taken against him because of his age; (2) that he knows of no evidence suggesting Mr. Annis's actions were taken based upon Mr. Martin's age as opposed to based upon the desire to operate city management more efficiently; (3) that no other employee of the City received adverse employment action because of age; (4) that there are no witnesses who will be able to testify Mr. Annis took the action he did based on age discrimination; and (5) that he has no idea what Mr. Annis's motives were in reassigning Mr. Martin to the position of Code Enforcement Officer. Moreover, Mr. Martin has come forward with no affirmative evidence from which we may draw an inference of age discrimination against him.

It is as clear to us as it was to the district court that Mr. Martin has not

made his prima facie case.  Summary judgment in favor of the City was proper.

Accordingly, we AFFIRM.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge